IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 4:05CR3094 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM AND ORDER ON |
| | ) | DEFENDANT'S MOTION FOR |
| MICHAEL JAMES JACKSON, | ) | REDUCTION OF SENTENCE PURSUANT |
| | ) | TO 18 U.S.C. § 3582(c)(2) |
| Defendant. | ) | |
| | ) | |

On March 24, 2008, the defendant, Michael James Jackson, filed a motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). (Filing 65.) For the following reasons, I must deny the defendant's motion.

The defendant was charged with conspiring to distribute and possess with intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. § 846. The defendant pleaded guilty to the charge and was sentenced to a term of imprisonment of 120 months. The government moved for a reduction of the defendant's sentence pursuant to Rule 35(b), and the defendant's sentence was reduced to a term of imprisonment of 92 months.

The defendant now argues that his sentence must be reduced pursuant to 18 U.S.C. § 3582(c)(2). Section 3582(c) provides, in relevant part, as follows.

> The court may not modify a term of imprisonment once it has been imposed except that–
>
> . . . .
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o), upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if

1

>such a reduction is consistent with applicable policy statements issued by the
>Sentencing Commission.

18 U.S.C. § 3582(c)(2). Thus, under this statute, "[f]avorable guidelines amendments may be used to reduce an earlier sentence if such a reduction is 'consistent with applicable policy statements issued by the Sentencing Commission.'" Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1998) (quoting 18 U.S.C. § 3582(c)(2)). The "applicable policy statement" appears in USSG § 1B1.10. See United States v. Hasan, 245 F.3d 682, 686 (8th Cir. 2001). That section states,

>(1) In General.–In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2).
>
>(2) Exclusions.–A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if–
>
>>(A) None of the amendments listed in subsection (c) is applicable to the defendant; or
>>
>>(B) An amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

USSG § 1B1.10(a)(1)-(2).

The defendant argues that his sentence must be reduced pursuant to § 3582(c)(2) because amendment 705 to the Guidelines Manual lowered the guideline range applicable to him. (See filing 66 at 1.) Amendment 705 is not listed in USSG § 1B1.10(c); therefore, a reduction in the defendant's term of imprisonment based on this amendment is not authorized under § 3582(c)(2).

It may be that the defendant's motion is meant to be based on Amendment 706, as opposed to Amendment 705. Amendment 706, as amended by Amendment 711, is listed in USSG § 1B1.10(c). As the government correctly notes, however, this amendment applies to cases involving "Cocaine Base." Because the defendant was convicted of participating in a conspiracy involving methamphetamine, Amendment 706 is not applicable to the defendant.

**IT IS ORDERED** that the defendant's motion for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2), filing 65, is denied.

Dated May 1, 2008.

> BY THE COURT
>
> s/  Warren K. Urbom
> United States Senior District Judge